## DE MARY v. JEFFERSON COUNTY.
### No. 4097.

Court of Civil Appeals of Texas. Beaumont.
Nov. 4, 1943.

Rehearing Denied April 26, 1944.

E. W. Easterling, Gaston Wilder, and George M. Sonfield, all of Beaumont, for appellant.

Shelby K. Long, Co. Atty., of Beaumont, for appellee.

COMBS, Justice.

Appellant, Joe De Mary, sought damages from Jefferson county for injury allegedly caused to his muskrat trapping business by reason of overflow of lands upon which he held a trapping lease during the repair of the spillway on the bank of the intercoastal canal in Jefferson county. The facts show that DeMary's lessor, S. W. Pipkin, owner of the lands involved, donated a right-of-way for the intercoastal canal. At the time the canal was built the county constructed a spillway across Salt Bayou, a natural drainage outlet on the Pipkin lands, the spillway having been constructed to prevent salt water from backing up from the intercoastal canal upon the Pipkin lands. There is evidence that there was an agreement when Pipkin donated the right-of-way that Jefferson county would build a spillway as was done. The spillway was constructed on the Pipkin lands just off the intercoastal canal right-of-way. Appellant, De Mary, leased the muskrat trapping rights on the Pipkin lands for the years 1937 and 1938. During that time S. W. Pipkin requested the county to repair the spillway

because salt water had begun to seep from the intercoastal canal on to his lands. The plans for the repairs were prepared by the county engineer and a contract was let on competitive bids to one F. P. Winton, a contractor, who, with another contractor, M. L. Marchand, undertook to and did make the repairs. In order to shut off the water flowing down through Salt Bayou and expose the base of the spillway in order that concrete could be poured for its repair it was necessary to drive piling in Salt Bayou above the spillway to make a coffer dam or bulkhead. The county plans and specifications called for it to extend two feet above mean low tide. The evidence shows that the contractors made it three feet above mean low tide. During the repair operations excessive rain fell and the Pipkin lands were overflowed, drowning muskrats and injuring their feeding grounds. DeMary, as plaintiff, brought this suit against Jefferson county to recover damages accruing to him by reason of the flooding of the trapping lands. The jury found that Jefferson county impounded the waters of Salt Bayou in such manner as to damage the leasehold of Joe DeMary; that he was damaged in the amount of $5,-000; that the repairs to the spillway were not requested by DeMary but were requested by his lessor, S. W. Pipkin; that the repairs were made in accord with the plans and specifications prepared by the county. They made certain other findings not necessary to mention. On motion of the county, the trial court entered judgment non obstante veredicto, denying plaintiff any recovery on the theory that as a matter of law Jefferson county was not liable. This appeal is from that judgment.

### Opinion.

■ All parties concede that Jefferson county would not be liable in tort for any damage occasioned plaintiff through negligent repair of the spillway. The plaintiff relies for recovery rather upon the provision of the Constitution which provides that: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of [the owner]." Constitution, Art. 1, Sec. 17, Vernon's Ann.St.

■ This case has been well briefed on both sides and many interesting propositions and counter propositions advanced. However, we think that one fundamental proposition supports the court's judgment. Upon the record and under all the facts as we view them the repairs which Jefferson county undertook to make of the spillway were in no sense made for a public use. They were not made for nor incidental to any drainage project, levee, seawall, road or other public project constructed or maintained by Jefferson county. The repairs to the spillway were made at the request of plaintiff's lessor, S. W. Pipkin. They were made upon and for the sole use and benefit of the Pipkin lands. And so no liability could attach to Jefferson county to compensate the plaintiff for the damage occasioned by the flooding of the lands. Nussbaum v. Bell County, 97 Tex. 86, 76 S. W. 430. It has been repeatedly held by our courts that the duty of the State or of a county to compensate the citizen for damage to his property arises only for the damage occasioned through the lawful exercise of governmental powers in the construction or maintenance of projects for the public use and benefit. Edwards County v. Jennings, Tex.Civ.App., 33 S.W. 585; Id., 89 Tex. 618, 35 S.W. 1053. The expenditure of public funds is jealously guarded by our Constitution and the commissioners court simply has no authority to make any gratuitous grant of funds or to use the public credit or incur any indebtedness or liability except for the public governmental purposes authorized by law. Bexar County v. Linden, 110 Tex. 339, 220 S.W. 761; Road Dist. No. 4, Shelby County v. Allred, 123 Tex. 77, 68 S.W.2d 164, 165.

■ Nor do we think that Jefferson county is liable in this case by reason of the provisions of Art. 6830, Vernon's Ann. Civ.Stats., which authorizes commissioners courts to construct sea walls, etc. That Article relates to the construction of sea walls and the authority there granted for building levees, dikes, floodways, drainways, etc., is for such structures "erected in connection with such sea wall, * * * levees, dikes," etc. Here the spillway repaired by the county was not incidental to a seawall, levee or any other project built and maintained by the county under authority of law. The intercoastal canal near which it was built was operated and maintained by the Federal Government and had been built and placed in operation by the Federal Government long before the repairs involved in this damage suit were made. The spillway on the Pipkin lands was in no way incidental to the use and

operation of the intercoastal canal. The county owed no duty to the Federal Government in regard to the maintenance and operation of the intercoastal canal. The repairs involved here were made upon the Pipkin lands for the sole benefit of those lands. The verbal agreement made at the time the right-of-way was donated for the intercoastal canal by Pipkin, that the county would protect said lands from salt water overflow, does not alter that basic fact. By the very nature of it, the purported undertaking was one which the county was without lawful authority to assume under the conditions here shown.

It follows that we think the judgment of the trial court was correct and should be affirmed for the reasons above stated. It is therefore unnecessary for us to discuss the other legal propositions advanced.

Judgment affirmed.