**CITY OF ROUND ROCK, Petitioner,**

v.

**John F. SMITH et al., Respondents.**

No. C–3023.

Supreme Court of Texas.

March 27, 1985.

Stephen L. Sheets, Round Rock, for petitioner.

Dale E. Muller, Austin, for respondents.

CAMPBELL, Justice.

John F. Smith and other home owners in Chisholm Valley Subdivision in Round Rock, Texas, sued the City of Round Rock for damages that occurred when their homes flooded. The trial court dismissed their claim against the city for failure to state a cause of action. The court of appeals in an unpublished opinion reversed the judgment of the trial court and remanded the cause for trial. We reverse the judgment of the court of appeals and affirm the judgment of the trial court.

■ The City of Round Rock contends the court of appeals erred in holding the homeowners' petition stated a cause of action. On appeal a judgment of dismissal for failure to state a cause of action will be sustained only if the allegations of the pleadings taken as true and construed most favorably in behalf of the pleader do not state a cause of action. *City of San Antonio v. Earnest*, 144 Tex. 83, 188 S.W.2d 775

(1945); *Homeright Co. v. Exchange Warehouses, Inc.*, 526 S.W.2d 241 (Tex.Civ.App. —Tyler 1975, writ ref'd n.r.e.).

The developer, Doyle Hickerson, Inc., filled in the natural watercourses that provided drainage for the Chisholm Valley Subdivision and platted lots over and adjacent to the former watercourses. The city approved the proposed subdivision plat. The developer sold these lots to a builder who then built homes on the lots and sold them to Smith and the other homeowners.

On the night of May 24, 1981, a severe rainstorm fell on the City of Austin, the Shoal Creek watershed, and surrounding areas. Before dawn the next day, what has since become known as the Memorial Day Flood, killed thirteen people and caused millions of dollars of property damage in the area. That same storm passed over the City of Round Rock. Within twenty-four hours 3.25 inches of rain fell on the city.

The homeowners allege their homes flooded and the flooding would not have occurred if the watercourses had not been filled. They allege two theories of liability against the city: (1) the approval of a subdivision plat is a proprietary function which the city negligently approved, and (2) in the alternative, if approval of a subdivision plat is a governmental function, the city's approval of the plat constitutes a taking for public use without just compensation. TEX. CONST., art. 1, § 17.

The city specially excepted to the homeowners' petition three times because it failed to allege a cause of action. The trial court sustained the exceptions and each time the homeowners amended their petition. The homeowners then filed their fourth amended petition. The city again specially excepted. The trial court sustained the exceptions, but allowed the homeowners thirty days to amend their pleadings. The homeowners did not further amend, and the trial court dismissed their claim against the city.

■ The first issue is whether a city's approval of a subdivision plat is a proprie-

tary function or a governmental function. A city is liable for torts committed by its employees when the city is performing a proprietary function. On the other hand, a city is immune from liability for torts committed by its employees when the city is performing a governmental function unless the state by statute has waived immunity.[1] *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960). Thus, if approval of a subdivision plat is a proprietary function, the homeowners' petition states a negligence cause of action against the city. If approval of a plat is a governmental function, the petition fails to state a cause of action for negligence.

In the landmark case, *City of Galveston v. Posnaiksy*, 62 Tex. 118 (1884), Justice Stayton established the test for determining whether an act is governmental or proprietary:

It would seem that, in so far as municipal corporations of any class, and however incorporated, exercise powers conferred on them for purposes essentially public—purposes pertaining to the administration of general laws made to enforce the general policy of the state,—they should be deemed agencies of the state, and not subject to be sued for any act or omission occurring while in the exercise of such power, unless, by statute, the action be given; that, in reference to such matters, they should stand as does sovereignty, whose agents they are, subject to be sued only when the state, by statute, declares they may be. . . .

In so far, however, as they exercise powers not of this character, voluntarily assumed—powers intended for the private advantage and benefit of the locality and its inhabitants,—there seems to be no sufficient reason why they should be relieved from that liability to suit and measure of actual damage to which an individual or private corporation exercis-

ing the same powers for a purpose essentially private would be liable.

62 Tex. at 127.

■ The homeowners argue that approval of a subdivision plat is a proprietary activity because it is not a duty imposed on a city. We disagree. Under TEX.REV. CIV.STAT. art. 974(a), § 4, a city must either approve or disapprove a proposed plat. If a city does not disapprove a plat within thirty days from the date it is filed with the planning commission, the planning commission is deemed to have approved the plat. TEX.REV.CIV.STAT. art. 974, § 3.

■ The homeowners also contend that plat approval is a proprietary function because plat approval primarily promotes individual city interests and does not promote any significant general public interest. Plat approval, like zoning, is an exercise of the police power. The police power is a grant of authority from the people to their governmental agents "to promote the public convenience or the general prosperity, as well as regulations designed to promote the public health, the public morals, or the public safety." *Lombardo v. City of Dallas*, 124 Tex. 1, 73 S.W.2d 475, 479 (1934). The purpose of plat approval is to ensure that subdivisions are safely constructed and to promote the orderly development of the community. Plat approval protects future purchasers from inadequate police and fire protection, inadequate drainage, and insures sanitary conditions. Public health, safety, and morals are general public interests.

■ Governmental immunity applies when a city exercises "discretionary powers of a public nature embracing judicial or legislative functions." *Ellis v. City of West University Place*, 141 Tex. 608, 175 S.W.2d 396, 398–399 (1943). Judicial power is the power conferred upon a public officer to adjudicate the rights of individual citizens by construing and applying the law. *Aransas Harbor Terminal Ry. Co. v. Ta-*

---

**1.** The Texas Tort Claims Act, Tex.Rev.Civ.Stat. art. 6252–19, is inapplicable under the facts of this case.

*bor*, 235 S.W. 841, 842–843 (Tex.Comm'n App.1921, jdgm't adopted); *See Reagan v. Guardian Life Ins. Co.*, 140 Tex. 105, 166 S.W.2d 909 (1942) (citing *Aransas* with approval). A subdivision plat cannot be recorded without the approval of the planning commission. TEX.REV.CIV.STAT. art. 974a, § 3. In deciding whether to approve or disapprove a proposed plat the planning commission must interpret and construe the city plan, applicable ordinances and state statutes to determine whether the proposed plat complies with these laws. TEX.REV.CIV.STAT. art. 974a, § 4. Thus, plat approval or disapproval is a quasi-judicial exercise of the police power.

We have generally held ministerial acts which could be performed by a private subcontractor to be proprietary functions. For example, traffic regulation is a governmental function, but street maintenance is a proprietary function. *City of Austin v. Daniels*, 160 Tex. 628, 335 S.W.2d 753 (1960). Traffic regulation requires public officials to exercise discretion. However, street maintenance is a ministerial function which could be performed by a private subcontractor. The purpose of this distinction is to avoid piecemeal judicial review of policy decisions made by a governmental unit.

Had the city itself negligently maintained or negligently constructed a storm sewer, the city would be liable because the acts of constructing and maintaining a storm sewer would be ministerial acts which could be performed by a private subcontractor. *Dilley v. City of Houston*, 148 Tex. 191, 222 S.W.2d 992 (1949).

In this case, plat approval is a discretionary function that only a governmental unit can perform. By definition a quasi-judicial exercise of the police power is exclusively the province of the sovereign. An individual or private corporation cannot exercise the same power. We hold that plat approval is a governmental function.

The homeowners further contend that even if plat approval is a governmental function, the petition states a cause of action for inverse condemnation. The Texas Constitution provides:

No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, *unless by the consent of such person;* and, when taken, except for the use of the State, such compensation shall be first made, or secured by a deposit of money; and no irrevocable or uncontrollable grant of special privileges or immunities, shall be made; but all privileges and franchises granted by the Legislature, or created under its authority shall be subject to the control thereof. (emphasis added)

TEX. CONST. art. 1, § 17.

The petition alleges that Doyle Hickerson, Inc., the developer, owned these tracts at the time it requested the plat approval. By filling in the watercourses and requesting the planning commission to approve the plat, Doyle Hickerson, Inc., the owner, consented to the taking. The homeowners are not entitled to compensation because they claim title through Doyle Hickerson, Inc. *See, e.g., Hightower v. City of Tyler*, 134 S.W.2d 404 (Tex.Civ.App.—El Paso 1939, writ ref'd); *DeMary v. Jefferson County*, 179 S.W.2d 584 (Tex.Civ.App.—Beaumont 1944, writ ref'd w.o.m.).

We reverse the judgment of the court of appeals and affirm the judgment of the trial court.