Samuel H. KITE, et ux. Aline Kite, Appellants,

v.

The CITY OF WESTWORTH VILLAGE, Appellee.

No. 2-92-052-CV.

Court of Appeals of Texas, Fort Worth.

April 28, 1993.

Rehearing Overruled June 9, 1993.

Garrett Morris, Fort Worth, for appellants.

Kerry & Forderhase, Grace Forderhase, Fort Worth, for appellee.

Before HILL, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

HILL, Chief Justice.

Samuel Kite and his wife Aline appeal from an instructed verdict that they take nothing in their inverse condemnation suit against the City of Westworth Village, the appellee. The Kites contend in three points of error that the trial court erred by directing a verdict for the City because: (1) there were adequate pleadings and evidence supporting their claim that the City had taken a portion of their property for public use without compensation; (2) the taking of their property resulted from the diversion of water mandated by the City in the approval of the Pecan Hollow subdivision plat, and was a taking for public use requiring compensation under article I, section 17 of the Texas Constitution; and (3) the taking of private property for public use is a governmental function for which there is no immunity. The Kites contend in an additional point of error that the trial court erred in refusing to admit testimony regarding the size of a pit necessary to retain on the City's easement water it mandated be diverted from its natural course as a condition for the approval of the plat of the Pecan Hollow subdivision.

■ We reverse the judgment and remand this cause to the trial court because we hold that one may recover compensation from a municipality where its approval of a plat necessarily results in a diversion of water from its natural course so as to constitute a taking of property for public use without the consent of the owner of the property. In view of this holding, we deem it unnecessary to consider the Kites' point of error relating to the trial court's refusal to admit testimony regarding the size of pit necessary to retain water on the City's easement.

■ We will first consider the Kites' complaint regarding the trial court's granting of the City's motion for instructed verdict. In reviewing the granting of an instructed verdict by the trial court, we must consider the evidence in a light most favorable to the party against whom the verdict was instructed, disregarding all contrary evidence and inferences. *See Jones v. Tarrant Utility Co.*, 638 S.W.2d 862, 865 (Tex. 1982); *Texas Employers Ins. Ass'n v. Page*, 553 S.W.2d 98, 102 (Tex.1977). We must determine if there is any conflicting evidence of probative force to raise a fact issue on any theory of recovery. *White v. Southwestern Bell Tel. Co.*, 651 S.W.2d 260, 262 (Tex.1983); *Jones*, 638 S.W.2d at 865.

The basic issue is whether the City, by approving a subdivision plat that of necessity results in a diversion of water from its natural course so as to require the use of a citizen's land for the water's disposal, is liable to that citizen in a case of inverse condemnation for taking the citizen's land for public use without compensation.

Evidence was presented to the effect that the City's approval of a subdivision plat resulted in the diversion of water from its natural course, first onto an easement that the City acquired for the purpose of handling this water, then onto the Kite's property. The Kites lived just next to the subdivision.

■ Article I, section 17 of the Texas Constitution provides in part that no person's property is to be taken for or applied to public use without adequate compensation being made, unless by the consent of such person. TEX. CONST. art. I, § 17. In order to recover under the theory that property has been taken under that consti-

tutional provision one must establish that: (1) the State intentionally performed certain acts; (2) which resulted in a "taking" of one's property; (3) for public use. *City of Abilene v. Smithwick*, 721 S.W.2d 949, 951 (Tex.App.—Eastland 1986, writ ref'd n.r.e.). There is evidence in this record that if believed would establish all three elements.

The City contends that the approval of a plat is a governmental function for which it enjoys governmental immunity, primarily relying on the case of *City of Round Rock v. Smith*, 687 S.W.2d 300 (Tex.1985). In that case the Texas Supreme Court held that homeowners had no cause of action against the City for the negligent approval of a subdivision plat because the approval was a governmental function. *Id.* at 303.

The homeowners in that case also brought an action of inverse condemnation, alleging that they were entitled to compensation by virtue of article I, section 17 of the Texas Constitution. The court held that they were not entitled to recover under their theory because they claimed title through the developer, who had consented to the taking. *Id.* Article I, section 17 provides that there is no right to compensation where the person owning the property has consented to the taking. Had the homeowners also not been entitled to recover under that theory because of the City's governmental immunity, it seems likely that the court would have said so, since the entire opinion up to that point was related to the discussion of the City's governmental immunity as it related to a claim of negligence.

The City's reliance on the case of *City of Watauga v. Taylor*, 752 S.W.2d 199 (Tex. App.—Fort Worth 1988, no writ) is also misplaced because in that case we made the same holding as the supreme court did in *City of Round Rock*, that because of governmental immunity the City could not be held liable for negligently approving a plat. *Id.* at 202. There was no allegation in *Watauga* of a claim based on a taking without compensation under article I, section 17 of the constitution.

Therefore, there is evidence showing a theory of recovery, the theory that the City's approval of the plat necessarily resulted in a taking of the Kite's property entitling them to compensation in accordance with the requirements of article I, section 17. Consequently, we sustain points of error numbers one, two, and three. In view of our determination of this matter, we need not consider point of error number four.

We reverse the judgment and remand this cause to the trial court.