NO. 12-03-00240-CV



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


STEPHEN F. AUSTIN STATE
§
 APPEAL FROM THE 145TH

UNIVERSITY,

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF



DIANE FLYNN,

APPELLEE
§
 NACOGDOCHES COUNTY, TEXAS

 

MEMORANDUM OPINION


 Stephen F. Austin State University ("SFA") appeals from the trial court's denial of its plea to
the jurisdiction and motion to dismiss. Appellee, Diane Flynn, sued SFA pursuant to the Texas Tort
Claims Act for personal injuries. In two issues, SFA asserts the trial court erred in determining it had
waived sovereign immunity. We affirm.


Background

 On August 7, 2000, Flynn and her husband were riding their bikes along the Lanana Creek 
Trail in Nacogdoches. As she rode on the trail adjacent to a shot put field on SFA's campus, she was
hit by a stream of water from an oscillating sprinkler located by the shot put field. The sprinkler head
was about four feet from the path she rode on. The water hit her on the right side of her head and the
force threw her off her bike. 

 Flynn sued SFA for personal injuries she incurred from the accident. Flynn alleged in her
petition that the portion of the trail running through SFA property was located on an easement owned
by the city of Nacogdoches. She alleged that SFA's negligent use of personal property, the sprinkler,
caused her injuries. Specifically, she contends SFA negligently caused the water's path to cross the
trail where people commonly walk and bicycle and SFA activated the sprinkler at a time of day when
people were likely to use the trail.

 Alternatively, she alleged that if SFA did occupy that portion of the trail where she was
injured, SFA was engaged in a negligent activity on its premises which caused her injuries. She also
alleged alternatively that if SFA occupied the trail on which she was injured, and the use of the water
sprinkler did not constitute an activity, the premises on which she was injured was not reasonably safe
in that the sprinkler came on at unknown times where people were expected to walk, bicycle, and
travel, creating an extreme and unjustifiable risk of injury to those people. She further alleged that
SFA failed to warn of the dangerous condition, failed to repair or remove the dangerous condition,
created the unsafe condition by allowing the water sprinkler to be installed such that a forceful stream
of water came on at unknown times, and reasonably should have known of the danger the sprinkler
posed.

 Finally, she alleged that all of the actions and omissions of SFA were of such a character to
make SFA guilty of gross negligence and/or malice. She asserted that SFA's conduct involved an
extreme degree of risk, considering the probability and the magnitude of potential harm to others. 
Further, she alleged that SFA engaged in conduct with conscious indifference to the rights, safety, or
welfare of others. 

 SFA filed a plea to the jurisdiction contending it enjoys sovereign immunity. Specifically, it
asserted Flynn did not claim any injury resulting from any alleged negligent act involving the
operation or use of motor-driven vehicles or equipment, failed to state any cognizable claim based on
an alleged use of personal property, and her allegations amount to claims involving a premise defect. 
SFA argued that Flynn's allegations are governed by the recreational use statute which bars claims of
ordinary negligence. Further, it argued that Flynn's allegations of gross negligence fail to state a
cognizable claim and were pleaded as a sham in an attempt to wrongfully obtain jurisdiction. In
response to Flynn's argument that she was injured on an easement granted to the city of Nacogdoches,
SFA asserted in its supplemental plea that, if the easement exists, it owed no duty to Flynn
whatsoever. Finally, SFA contended that the acts about which Flynn complains are discretionary acts
for which SFA retains immunity from suit.

 The trial court found that SFA's watering of the grounds is a discretionary function while the
placement and operation of the sprinkler system constitute policy implementation. The court denied
SFA's plea to the jurisdiction and motion to dismiss.


Applicable Law

 Immunity from suit bars an action against the State unless the State expressly consents to the
suit. Texas Dep't of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999). A party suing a governmental
entity must establish the State's consent, which may be alleged either by reference to a statute or to
express legislative permission. Id. Where the governmental entity denies it consented to suit, and
maintains instead that it retains sovereign immunity, it must plead and prove that affirmative defense. 
Davis v. City of San Antonio, 752 S.W.2d 518, 520 (Tex. 1988). Since as early as 1847, the law in
Texas has been that, absent the State's consent to suit, a trial court lacks subject matter jurisdiction. 
Jones, 8 S.W.3d at 638. The absence of subject matter jurisdiction may be raised by a plea to the
jurisdiction. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000).

 A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action
without regard to whether the claims asserted have merit. Id. A plea to the jurisdiction contests the
trial court's authority to determine the subject matter of the cause of action. Cornyn v. County of Hill,
10 S.W.3d 424, 427 (Tex. App.-Waco 2000, no pet.). Subject matter jurisdiction is a legal question,
and the plea to the jurisdiction is reviewed under a de novo standard of review. Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). Dismissing a cause of action for lack of subject matter
jurisdiction is only proper when it is impossible for the plaintiff's petition to confer jurisdiction on the
trial court. Harris County v. Cypress Forest Pub. Util. Dist., 50 S.W.3d 551, 553 (Tex.
App.-Houston [14th Dist.] 2001, no pet.). In reviewing a plea to the jurisdiction, we review the
pleadings and any evidence relevant to the jurisdictional issue. Texas Dep't of Crim. Justice v.
Miller, 51 S.W.3d 583, 587 (Tex. 2001). The jurisdictional allegations contained in a petition are to
be construed liberally in the plaintiff's favor. Texas Ass'n of Bus. v. Texas Air Control Bd., 852
S.W.2d 440, 446 (Tex. 1993). 

 The Texas Legislature granted a limited waiver of immunity from suit under the Tort Claims
Act (the "Act") which provides that a governmental unit is liable for personal injury or death
proximately caused by a condition or use of tangible personal or real property if the governmental unit
would, were it a private person, be liable to the claimant under Texas law. Tex. Civ. Prac. & Rem.
Code Ann. § 101.021 (Vernon 1997). However, the State retains its immunity from suits arising from
its discretionary acts and omissions. Tex. Civ. Prac. & Rem. Code Ann. § 101.056 (Vernon 1997);
Texas Dep't of Transp. v. Garza, 70 S.W.3d 802, 806 (Tex. 2002). Thus, sovereign immunity is
preserved for the negligent discretionary formulation of policy, but not for the negligent
implementation of the policy at the operational level. City of Brownsville v. Alvarado, 897 S.W.2d
750, 754 (Tex. 1995). Whether a governmental activity is discretionary is a question of law. State
v. San Miguel, 2 S.W.3d 249, 251 (Tex. 1999). We must look to the terms of the Act, considered
together with the particular facts of the case, to determine if immunity has been waived. Miller, 51
S.W.3d at 587.


Sovereign Immunity

 In its second issue, SFA asserts that the trial court erred in denying its plea to the jurisdiction
and motion to dismiss because it did not waive sovereign immunity for Flynn's negligent use of
property claim. SFA contends that Flynn complained about the design of the sprinkler system, its
placement, and the decision of when to operate the sprinkler system. SFA argues that Flynn's
allegations are all complaints about discretionary acts that are protected from waiver of immunity. 
It further argues that it was not required to design its sprinkler system in any particular way or to
conform its sprinklers to any particular standards. Therefore, SFA contends, the Tort Claims Act
immunizes it from Flynn's complaints about the location, timing, and operation of the sprinkler
system. 

 In the absence of waiver, the State is immune from liability for torts committed by its
employees when performing a governmental function. City of Round Rock v. Smith, 687 S.W.2d
300, 302 (Tex. 1985). That is, when the State exercises "discretionary powers of a public nature
embracing judicial or legislative functions," it retains immunity. Id. Thus, immunity is preserved for
negligent discretionary formulation of policy. Alvarado, 897 S.W.2d at 754. On the other hand, the
State is liable for torts committed by its employees when performing proprietary functions. Smith,
687 S.W.2d at 302. This is also known as policy implementation. See State v. Terrell, 588 S.W.2d
784, 788 (Tex. 1979). Generally, ministerial acts which could be performed by a private subcontractor
have been held to be proprietary functions. Smith, 687 S.W.2d at 303. Thus, maintenance activities
undertaken at the operational level are not discretionary functions and are not immune from liability. 
City of Fort Worth v. Gay, 977 S.W.2d 814, 817 (Tex. App.-Fort Worth 1998, no pet.). 

 In her petition, Flynn alleged that SFA negligently caused the water's path to cross the trail and
activated the sprinkler at a time of day when people were likely to use the trail. We agree with the trial
court's determination that the decision of whether to water the grounds on SFA's campus is a policy
decision and, therefore, SFA retains its immunity for that decision. Alvarado, 897 S.W.2d at 754. 
However, the specifics of how and when to water the campus cannot be described as "judicial or
legislative functions." Therefore, we also agree with the trial court's determination that "the
placement and operation of the sprinkler system constitutes policy implementation." The acts of
installing and operating the sprinkler system, which includes a determination of what area the
sprinklers will cover and when to turn them on, constitute maintenance activities undertaken at the
operational level which fall into the category of policy implementation. SFA can be held liable for
its negligent implementation of policy at the operational level. Id. As Flynn has presented complaints
that are not of a discretionary nature, we overrule SFA's second issue.


Recreational Use Statute

 In its first issue, SFA contends the trial court erred in denying its plea to the jurisdiction and
motion to dismiss as to Flynn's claim of premises liability because Flynn did not establish a waiver
of sovereign immunity in accordance with the Texas Tort Claims Act and the recreational use statute. 
SFA argues that since Flynn was engaged in a recreational activity, bicycling, the recreational use
statute applies absolving SFA of liability for her injuries because SFA did not engage in grossly
negligent conduct or act with malicious intent or in bad faith. Further, SFA contends that Flynn was
required to allege and prove her injuries resulted from grossly negligent contemporaneous conduct by
an SFA employee who used tangible property. Finally, in response to Flynn's assertion that the
Lanana Trail is located on an easement belonging to the city of Nacogdoches, SFA argues that it
retained ownership of the campus property where Flynn's accident allegedly occurred and, therefore,
enjoys the protection of the recreational use statute.

 Once it is determined that a governmental entity is liable under the Act, the recreational use
statute may then operate to limit, but not abolish, that liability if the facts of a particular case support
its application. City of Houston v. Morua, 982 S.W.2d 126, 130 (Tex. App.-Houston [1st Dist.]
1998, no pet.). Under the Texas recreational use statute, if a landowner gives permission to another
to enter the land for recreation, the landowner only owes the degree of care owed to a trespasser. Tex.
Civ. Prac. & Rem. Code Ann. § 75.002(c)(2) (Vernon Supp. 2004). This duty is to refrain from
causing injury through willful, wanton, or grossly negligent conduct. See City of Bellmead v. Torres,
89 S.W.3d 611, 613 (Tex. 2002). Thus, when the premises is a recreational facility within Chapter
75 of the Texas Civil Practice and Remedies Code, the duty owed by the owner or occupant is reduced
from a licensor/licensee standard to the trespasser standard. Tex. Civ. Prac. & Rem. Code Ann.
§ 75.002(c)(2). 

 SFA's argument misses the mark. The recreational use statute merely limits preexisting
liability, and does not, in and of itself, waive sovereign immunity or abolish the waiver of liability
found in the Act. Morua, 982 S.W.2d at 130. As discussed above, Flynn's petition presented a claim
for which SFA waived its sovereign immunity. Therefore, assuming without deciding that the
recreational use statute applies, it would act only to dictate the duty owed to Flynn. Id. Contrary to
SFA's assertion, application of the recreational use statute does not absolve it of liability. We overrule
SFA's first issue.


Conclusion

 SFA did not meet its burden to prove entitlement to the defense of sovereign immunity. 
Because SFA waived immunity, the trial court did not err in denying its plea to the jurisdiction. 
Waiver of immunity is not abolished by application of the recreational use statute. We affirm the trial
court's order denying SFA's plea to the jurisdiction and motion to dismiss.


 DIANE DEVASTO 

 Justice

Opinion delivered January 21, 2004.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)