NO. 07-04-0520-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 26, 2005

______________________________

CITY OF BORGER, APPELLANT

V.

SOUTHERN INSURANCE COMPANY A/S/O MAXINE STULLER, APPELLEE

_________________________________

FROM THE 84
TH
 DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 35,437; HONORABLE WILLIAM SMITH, JUDGE

_______________________________

Before REAVIS and CAMPBELL, JJ.
(footnote: 1)
MEMORANDUM OPINION

The City of Borger brings this interlocutory appeal from the denial of its plea to the jurisdiction on the basis of sovereign immunity in a suit for property damage resulting from demolition of a building.  We will affirm.

In August 1999, a City of Borger building inspector determined that a building located at 335 North Main Street in Borger fell below the city’s building code in several respects and was beyond repair.  In July 2000, an architect issued his opinion the building was beyond repair and that it could be demolished without damaging the adjacent building.  The City, a home-rule municipality, made a decision to demolish the building.  It hired Howell Sand Company, Inc. (HSCI) to perform the demolition and notified the owner of the adjacent building, Maxine Stuller, of the proposed demolition. 

HSCI demolished the building in early May 2001.  The City’s primary involvement in the demolition was removal of debris and delivering dirt to fill a basement.  All other work was performed by HSCI.  Stuller asserted the demolition caused damage to her building.  Southern Insurance Company paid a claim for that damage and brought suit against the City as subrogee of Stuller.  Southern’s live petition alleges the City owned the demolished building, and alleges that action was a proprietary function of the City and constituted an inherently dangerous activity. 

In its answer the City asserted the affirmative defense of sovereign immunity.  The City filed special exceptions, arguing Southern failed to allege facts demonstrating the court’s jurisdiction and failed to plead facts supporting waiver of sovereign immunity, and a plea to the jurisdiction reasserting its claim of sovereign immunity.  The City now appeals from the trial court’s denial of that plea. 
See
 Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5) (Vernon Supp. 2004). 

The City presents six arguments in support of its single issue challenging denial of its plea to the jurisdiction.  The first and fifth arguments discuss whether the City was performing a governmental function.  The remaining arguments concern waiver of sovereign immunity. 

It is well established a plaintiff bears the burden to allege facts affirmatively demonstrating the trial court’s jurisdiction.  
Texas Ass'n of Business v. Texas Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993).  When those jurisdictional facts are undisputed a trial court’s jurisdiction is a question of law.  
Texas Dep't of Parks and Wildlife v. Miranda
, 133 S.W.3d 217, 226 (Tex. 2004).  A plea to the jurisdiction should be decided without delving into the merits of the case, but a court is not limited to considering the pleadings.  
Bland Independent School Dist. v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).  For this purpose, we are to construe the pleadings in the plaintiff’s favor.  
Texas Ass’n of Business,
 852 S.W.2d at 446.

As political subdivisions of the State, municipalities enjoy governmental immunity when exercising governmental functions.  
City of Tyler v. Likes
, 962 S.W.2d 489, 501 (Tex. 1997); 
City of Lubbock v. Adams
, 149 S.W.3d 820, 823 (Tex.App.--Amarillo 2004, pet. filed).  Since 1987 the legislature has distinguished between those governmental functions affording immunity and the proprietary functions of a municipality for which it does not enjoy immunity.  
See
 Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (Vernon Supp. 2004).  Subsection (a) of Section 101.0215 defines governmental functions as those “enjoined on a municipality by law” to be exercised in the interest of the general public, and lists thirty-six specific functions as governmental. 
Id.
  Subsection (b) describes proprietary functions as “those functions that a municipality may, in its discretion, perform in the interest of the inhabitants of the municipality,” listing examples of public utilities, amusements, and abnormally dangerous or ultrahazardous activities.  
Id.
   The Texas Supreme Court has generally held that ministerial acts which could be performed by a private subcontractor are proprietary functions.  
City of Round Rock v. Smith
, 687 S.W.2d 300, 303 (Tex. 1985).  Such a ministerial act is a proprietary function even though it is closely related to a governmental function.  In 
City of Round Rock
 the court noted traffic regulation is a governmental function, but street maintenance is not.
(footnote: 2)  
Id.
  The court in 
City of Houston v. Goings
, 795 S.W.2d 829 (Tex.App.–Houston [14
th
 Dist.] 1990, writ denied), applied that principle in holding the demolition of a bridge by a private contractor involved a proprietary function while affirming that the decision to open or close a bridge or street are governmental functions.  
Id
. at 832; see 
City of Tyler
, 962 S.W.2d at 501.  We find the principle applicable here.

The City argues its demolition of the structure was a governmental function because it arose from inspection and enforcement of building codes and from health and sanitation services.  Tex. Civ. Prac. & Rem. Code Ann. §§ 101.0215(a)(2), (28) (Vernon Supp. 2004).  The City also refers to statutes authorizing a municipality to abate nuisances as showing it was performing functions “enjoined on the City by law.”  
See
 Tex. Loc. Gov’t Code Ann. §§ 217.041-.042 (Vernon 2002).
(footnote: 3)  The record indicates the decision to demolish the building was based in part on the conclusion of City officials that it was unsafe and not in compliance with building code standards.  But Southern’s petition does not complain of the City’s decision to undertake demolition of the building.  It complains of a failure to exercise reasonable care in the performance of the demolition, a ministerial task for which the City hired a contractor.  Among other allegations, the pleadings allege Stuller’s property was damaged when equipment was driven into and collided with her property, and when materials and debris from the demolition hit her property.  Any participation of the City in those activities involved a proprietary, not a governmental, function.  The City is thus not protected by governmental immunity from potential liability for the actions alleged in Southern’s pleadings.  

We find the trial court’s denial of the City’s plea to the jurisdiction was proper.  We overrule the City’s sole issue, affirm the trial court’s order and remand the case to the trial court for further proceedings. 

James T. Campbell

        Justice

FOOTNOTES
1: Former Chief Justice Phil Johnson was on the panel that heard oral argument.  He did not participate in the decision.  Tex. R. App. P. 41.1(b).

2: When the legislature added Section 101.0215(a) to the Civil Practice & Remedies Code in 1987 it included street maintenance in the list of governmental functions.

3: More specific statutes governing the City’s authority to demolish structures appear in Chapter 214 of the Local Government Code.