

# IN THE
# TENTH COURT OF APPEALS

### No. 10-11-00100-CV

**CARL AND TERRY WELLS,**

**Appellant**

**v.**

**CITY OF CORSICANA,**

**Appellee**

**From the 13th District Court**
**Navarro County, Texas**
**Trial Court No. 10-19091-CV**

## MEMORANDUM OPINION

Carl and Terry Wells sued the City of Corsicana, asserting an inverse-condemnation claim. Their claim pertains to Corsicana's paving of its private road easement that runs along the western edge of the Wellses' lot and provides access to Corsicana's adjacent lot, which is the location of Corsicana's water intake site on Richland Chambers Reservoir. They also complain of Corsicana's installation of a new

drainage culvert at the point where the road enters Corsicana's lot.[1]

Corsicana filed a plea to the jurisdiction and motion to dismiss, asserting that the trial court lacked subject-matter jurisdiction over the Wellses' claim. The trial court granted the plea and motion and dismissed the suit. In three issues in their pro se brief, the Wellses complain that the trial court erred in dismissing their claim, in taxing costs against them, and in denying them the right to sue Corsicana for damages. We apply the well-established standard of review of a trial court's ruling on a plea to the jurisdiction. *See Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.,* 321 S.W.3d 1, 3-4 (Tex. App.—Houston [14th Dist.] 2008, *aff'd,* 320 S.W.3d 829 (Tex. 2010).

One of the grounds in the plea to the jurisdiction is that the trial court lacked jurisdiction over the inverse-condemnation claim because the Wellses effectively consented to any alleged taking. *See* TEX. CONST. art. I, § 17 ("[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person …"); *see, e.g., City of Round Rock v. Smith,* 687 S.W.2d 300, 303 (Tex. 1985); *see also Kirby Lake Dev., Ltd. v. Clear Lake City Water Auth.,* 320 S.W.3d 829, 844 (Tex. 2010). Corsicana asserted and filed evidence that the plat for the subdivision and the survey for the Wellses' lot show Corsicana's private road easement. In their petition and in their response to the plea to the jurisdiction, the Wellses admit the existence of the private road easement on the plat and on their lot.

---

[1] The background of the case and the evidence are well known to the parties; thus, we do not recite them here in detail. Because all the dispositive legal issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4.

Because the facts alleged by the Wellses and the evidence filed by Corsicana show consent by the Wellses to any alleged taking, the trial court did not err in granting the plea to the jurisdiction and dismissing the Wellses' suit and taxing costs against them. *See Kirby Lake*, 321 S.W.3d at 7-8 (affirming trial court's grant of plea to jurisdiction on inverse-condemnation claim based on landowners' consent), *aff'd*, 320 S.W.3d at 844.

We overrule the Wellses' three issues and affirm the trial court's judgment.


REX D. DAVIS
Justice

Before Justice Davis,
    Justice Scoggins, and
    Judge Littlejohn[2]
Affirmed
Opinion delivered and filed January 31, 2013
[CV06]

---

[2] Janet Littlejohn, Judge of the 150th District Court of Bexar County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to Section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2005).