**STEPHEN F. AUSTIN STATE UNIVERSITY, Appellant,**

v.

**Diane FLYNN, Appellee.**

No. 12–03–00240–CV.

Court of Appeals of Texas, Tyler.

April 30, 2004.

Brenda E. Brockner, for appellant.

T. Stefan Allen, Nacogdoches, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DEVASTO, J.

## OPINION ON REHEARING

DIANE DEVASTO, Justice.

On January 21, 2004, we issued an opinion in this cause affirming the trial court's denial of Stephen F. Austin State University's ("SFA") plea to the jurisdiction. SFA subsequently filed a motion for rehearing, which we overrule. We withdraw our previous opinion and judgment of the same date and substitute the following opinion and corresponding judgment on rehearing.

Appellee, Diane Flynn, sued SFA pursuant to the Texas Tort Claims Act for personal injuries. SFA filed a plea to the jurisdiction maintaining its entitlement to a dismissal based on the doctrine of sovereign immunity and application of the recreational use statute. The trial court denied the plea. SFA appealed, asserting in two issues that the trial court erred in determining it had waived sovereign immunity. We affirm the trial court's order.

### BACKGROUND

On August 7, 2000, Flynn and her husband were riding their bikes along the Lanana Creek Trail in Nacogdoches. As she rode on the trail adjacent to a shot put field on SFA's campus, she was hit by a stream of water from an oscillating sprinkler located by the shot put field. The sprinkler head was about four feet from the path she rode on. The water hit her on the right side of her head and the force knocked her off her bike.

Flynn sued SFA for personal injuries she incurred from the accident. Flynn

alleged in her petition that the portion of the trail running through SFA property was located on an easement owned by the city of Nacogdoches. She alleged that SFA's negligent use of personal property, the sprinkler, caused her injuries. Specifically, she contends SFA negligently caused the water's path to cross the trail where people commonly walk and bicycle and SFA activated the sprinkler at a time of day when people were likely to use the trail.

Alternatively, she alleged that if SFA did occupy that portion of the trail where she was injured, SFA was engaged in a negligent activity on its premises which caused her injuries. She also alleged alternatively that if SFA occupied the trail on which she was injured, the premises on which she was injured were not reasonably safe and presented an unreasonable risk of harm in that the sprinkler came on at unknown times where people were expected to walk, bicycle, and travel. She further alleged that SFA violated its duty to exercise ordinary care by failing to warn of the dangerous condition, failing to repair or remove the dangerous condition, and by creating the unsafe condition by allowing the water sprinkler to be installed such that a forceful stream of water came on at unknown times. She further alleged that SFA knew of the danger the sprinkler posed, while she did not. Flynn also alleged that SFA's negligence proximately caused her injuries.

Finally, she alleged that all of the actions and omissions of SFA were of such a character to make SFA guilty of gross negligence and/or malice. She asserted that SFA's conduct involved an extreme degree of risk, considering the probability and the magnitude of potential harm to others. Further, she alleged that SFA

engaged in conduct with conscious indifference to the rights, safety, or welfare of others.

SFA filed a plea to the jurisdiction contending it enjoys sovereign immunity. Specifically, it asserted Flynn did not claim any injury resulting from any alleged negligent act involving the operation or use of motor-driven vehicles or equipment, failed to state any cognizable claim based on an alleged use of personal property, and her allegations amount to claims involving a premise defect. SFA argued that Flynn's allegations are governed by the recreational use statute which bars claims of ordinary negligence. Further, it argued that Flynn's allegations of gross negligence fail to state a cognizable claim and were pleaded as a sham in an attempt to wrongfully obtain jurisdiction. In response to Flynn's argument that she was injured on an easement granted to the city of Nacogdoches, SFA asserted in its supplemental plea that, if the easement exists, it owed no duty to Flynn whatsoever. Finally, SFA contended that the acts about which Flynn complains are discretionary acts for which SFA retains immunity from suit. In support of the plea, SFA relied on Flynn's petition and excerpts from depositions of Flynn and her husband in which they describe their actions and what they saw on the day Flynn was injured.

The trial court found that SFA's watering of the grounds is a discretionary function while the placement and operation of the sprinkler system constitute policy implementation. The court denied SFA's plea to the jurisdiction and motion to dismiss.

### APPLICABLE LAW

#### Immunity from Suit

■ Immunity from suit bars an action against the State unless the State expressly consents to the suit. *Texas Dep't of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). A party suing a governmental entity must establish the State's consent, which may be alleged either by reference to a statute or to express legislative permission. *Id.* Since as early as 1847, the law in Texas has been that, absent the State's consent to suit, a trial court lacks subject matter jurisdiction. *Id.* The absence of subject matter jurisdiction may be raised by a plea to the jurisdiction. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000).

#### Plea to the Jurisdiction

■ A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Id.* A plea to the jurisdiction contests the trial court's authority to determine the subject matter of the cause of action. *Cornyn v. County of Hill,* 10 S.W.3d 424, 427 (Tex.App.-Waco 2000, no pet.). Whether a court has subject matter jurisdiction is a legal question. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Texas Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex.2004). Likewise, whether undisputed evidence of jurisdictional facts establishes a trial court's jurisdiction is also a question of law. *Id.*

■ When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Id.* at 226. We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Id.* If the pleadings do not contain suffi-

cient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiffs should be afforded the opportunity to amend. *Id.* at 226–28 If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiffs an opportunity to amend. *Id.* at 228.

▬▬▬▬ However, if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Blue* 34 S.W.3d at 555. The trial court reviews the relevant evidence to determine if a fact issue exists. *Miranda,* 226. If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 226–28.

▬▬▬▬ After the State asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdiction issue. *Id.* at 228. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the nonmovant. *Id.* at 225–26. We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Id.* at 229.

### Waiver of Immunity

The Texas Legislature granted a limited waiver of immunity from suit under the Tort Claims Act (the "Act") which provides that a governmental unit is liable for personal injury or death proximately caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant under Texas law. Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). Section 101.058 of the Act further modifies a governmental unit's waiver of immunity from suit by imposing the limitations of liability articulated in the recreational use statute. Tex. Civ. Prac. & Rem. Code Ann. § 101.058 (Vernon 1997); *Miranda,* at 225.

▬▬▬ Under the Texas recreational use statute, if a landowner gives permission to another to enter the land for recreation, the landowner only owes the degree of care owed to a trespasser. Tex. Civ. Prac. & Rem.Code Ann. § 75.002(c)(2) (Vernon Supp.2004). This duty is to refrain from causing injury through willful, wanton, or grossly negligent conduct. *See City of Bellmead v. Torres,* 89 S.W.3d 611, 613 (Tex.2002). Thus, when the premises is a recreational facility within Chapter 75 of the Texas Civil Practice and Remedies Code, the duty owed by the owner or occupant is reduced from a licensor/licensee standard to the trespasser standard. Tex. Civ. Prac. & Rem.Code Ann. § 75.002(c)(2). Therefore, a governmental unit waives sovereign immunity under the recreational use statute and the Tort Claims Act only if it is grossly negligent. Tex. Civ. Prac. & Rem.Code Ann. § 75.002(c)-(d); *Miranda,* at 224.

▬▬▬ However, the State retains its immunity from suits arising from its discretionary acts and omissions. Tex. Civ.

PRAC. & REM.CODE ANN. § 101.056 (Vernon 1997); *Texas Dep't of Transp. v. Garza,* 70 S.W.3d 802, 806 (Tex.2002). Thus, sovereign immunity is preserved for the negligent discretionary formulation of policy, but not for the negligent implementation of the policy at the operational level. *City of Brownsville v. Alvarado,* 897 S.W.2d 750, 754 (Tex.1995). Whether a governmental activity is discretionary is a question of law. *State v. San Miguel,* 2 S.W.3d 249, 251 (Tex.1999). We must look to the terms of the Act, considered together with the particular facts of the case, to determine if immunity has been waived. *Texas Dep't of Crim. Justice v. Miller,* 51 S.W.3d 583, 587 (Tex.2001).

### SOVEREIGN IMMUNITY

In its first issue, SFA contends the trial court erred in denying its plea to the jurisdiction and motion to dismiss as to Flynn's claim of premises liability because Flynn did not establish a waiver of sovereign immunity in accordance with the Texas Tort Claims Act and the recreational use statute. SFA argues that since Flynn was engaged in a recreational activity, bicycling, the recreational use statute applies. That statute, SFA contends, dictates that SFA need only treat Flynn as a trespasser and absolves SFA of liability for her injuries because SFA did not engage in grossly negligent conduct or act with malicious intent or in bad faith. SFA argues that Flynn's allegations of gross negligence are merely allegations that SFA failed to warn of a danger or to make the premises safe, which it had no duty to do. Therefore, Flynn did not adequately allege gross negligence. Further, SFA contends that Flynn was required to allege and prove her injuries resulted from grossly negligent contemporaneous conduct by an SFA employee who used tangible property. Finally, in response to Flynn's assertion that the Lanana Trail is located on

an easement belonging to the city of Nacogdoches, SFA argues that it retained ownership of the campus property where Flynn's accident allegedly occurred and, therefore, enjoys the protection of the recreational use statute.

### Cause of Action

 Flynn alleged negligent use of personal property, the sprinkler. In the alternative, she alleged that SFA was engaged in a negligent activity. Finally, and in the alternative, she alleged that the premises were not reasonably safe; that is, a dangerous condition existed on the property. Our first task is to ascertain the nature of the claim raised.

 A claim which relates to a defect in the condition of real property is a premises defect claim. *State v. Estate of Horton,* 4 S.W.3d 53, 54 (Tex.App.-Tyler 1999, no pet.). The term "real property" has been defined as land and generally whatever is erected or growing upon or affixed to land. *Miranda,* at 229. The term "premises" has been defined as a building or part thereof with its grounds and appurtenances. *Laman v. Big Spring State Hosp.,* 970 S.W.2d 670, 672 (Tex. App.-Eastland 1998, pet. denied). "Defect" has been defined as a shortcoming, an imperfection, or the want of something necessary for completeness. *Id.* Whether a condition is a premise defect is a question of law. *Texas Dep't of Transp. v. Ramirez,* 74 S.W.3d 864, 866 (Tex.2002). A plaintiff injured by a premises defect on governmental property is limited to asserting a premises liability claim as provided by the Tort Claims Act. *State v. Tennison,* 509 S.W.2d 560, 561 (Tex.1974).

All three of Flynn's allegations focus on the sprinkler, which is affixed to the land. The defect is the allegedly improper direction of the spray from the sprinkler, the forcefulness of the spray, and the time of

day it was set to spray. We conclude that, regardless of how it is phrased in the petition, Flynn complains of a condition of real property and her cause of action is one for premises defect. Flynn is therefore limited to asserting a premises liability claim. *Id.*

### Jurisdictional Facts

 Section 101.022(a) of the Act provides that if a claim arises from a premise defect, the governmental unit owes to the claimant only the duty that a private person owes to a licensee on private property, unless the claimant pays for the use of the premises. TEX. CIV. & PRAC. REM.CODE ANN. § 101.022(a). The duty owed requires that a landowner not injure a licensee by willful, wanton, or grossly negligent conduct, and, in cases in which the defendant has actual knowledge of a dangerous condition unknown to the licensee, that the owner use ordinary care either to warn of or to make reasonably safe, the dangerous condition. *State Dep't of Highways & Pub. Transp. v. Payne*, 838 S.W.2d 235, 237 (Tex.1992) (op. on reh'g). Flynn can allege a licensee theory if she asserts willful, wanton, or grossly negligent conduct. However, even in the absence of willful, wanton, or grossly negligent conduct, Flynn can allege a licensee theory by asserting that (1) a condition of the premises created an unreasonable risk of harm to her; (2) SFA actually knew of the condition; (3) she did not actually know of the condition; (4) SFA failed to exercise ordinary care to protect her from danger; and (5) SFA's failure was a proximate cause of injury to the licensee. *Id.*

As detailed above, Flynn alleged each of these five elements. SFA does not argue that Flynn failed to adequately plead any of the above elements for a claim of premises liability. Instead, SFA asserts that, because Flynn was engaged in the recreational activity of bicycling, the recreational use statute applies, dictating that Flynn was a trespasser. Further, it argues, due to her status as a trespasser, it owes no duty to Flynn regarding the condition of the premises. Finally, SFA contends that Flynn's allegations of gross negligence, necessary for a successful claim under the recreational use statute, are insufficient to state such a claim.

 The recreational use statute speaks to the potential liability of "an owner, lessee, or occupant of real property." TEX. CIV. PRAC. & REM.CODE ANN. § 75.002(c). Flynn alleged in her petition that she was bicycling on the Lanana Creek Trail and that the "sprinkler which caused the incident made the basis of this suit was actually located adjacent to the Lanana Creek Trail on a portion of Stephen F. Austin State University property not on the area commonly referred to as the trail." With regard to the "owner, lessee, or occupant" of the property where she was injured, Flynn's petition included the following allegation:

> At the time of the Plaintiff's injury, Plaintiff was a licensee on the trail. On information and belief, that portion of the trail running through Stephen F. Austin State University property was an easement owned by the city of Nacogdoches and dedicated to public use by Stephen F. Austin State University. Therefore, Defendant Stephen F. Austin State University did not occupy the land used for the trail at the time of the incident made the basis of this suit.

In its plea to the jurisdiction, SFA stated that it owned, occupied, and controlled the area through which Flynn rode her bicycle. SFA addressed Flynn's allegation of the existence of an easement in its supplement to its plea to the jurisdiction:

> Assuming for the purposes of this motion only that Plaintiff has alleged that the easement existed, then Defendant

owed no duty to Plaintiff, and her cause of action must fail ... Of course, if no such easement was in operation, then Plaintiff's cause of action for premises defect must fail, for the reasons set forth in Defendant's Plea to the Jurisdiction.

The exhibits attached to the plea to the jurisdiction do not address the issue of the existence of an easement.

We construe the pleadings liberally in favor of Flynn. *Miranda*, at 226. Flynn alleged she was injured on a trail that was under the control of the city of Nacogdoches. Under the facts of this case, the question of the existence of an easement is a jurisdictional issue which SFA challenged. However, although it denied the existence of an easement, SFA provided no proof that it, rather than the city of Nacogdoches, controlled the portion of the trail where Flynn was injured. The recreational use statute applies to the benefit of the owner, lessee, or occupant of the real property. Tex. Civ. Prac. & Rem.Code Ann. § 75.002(c). Because SFA did not show it falls into that category of defendants or raise a fact question on the issue, the recreational use statute does not apply in this case. *Miranda*, at 224–25. Accordingly, construing the pleadings in favor of Flynn, she properly alleged a cause of action for premises liability. *See Payne*, 838 S.W.2d at 237. Therefore, Flynn has alleged facts that establish a waiver of immunity and affirmatively demonstrate the trial court's jurisdiction to hear the cause. Tex. Civ. Prac. & Rem.Code Ann. § 101.021. We overrule SFA's first issue.

### DISCRETIONARY/PROPRIETARY FUNCTIONS

In its second issue, SFA asserts that the trial court erred in denying its plea to the jurisdiction and motion to dismiss because it did not waive sovereign immunity for Flynn's negligent use of property claim. SFA contends that Flynn complained about the design of the sprinkler system, its placement, and the decision of when to operate the sprinkler system. SFA argues that Flynn's allegations are all complaints about discretionary acts that are protected from waiver of immunity. It further argues that it was not required to design its sprinkler system in any particular way or to conform its sprinklers to any particular standards. Therefore, SFA contends, the Tort Claims Act immunizes it from Flynn's complaints about the location, timing, and operation of the sprinkler system.

In the absence of waiver, the State is immune from liability for torts committed by its employees when performing a governmental function. *City of Round Rock v. Smith*, 687 S.W.2d 300, 302 (Tex.1985). That is, when the State exercises "discretionary powers of a public nature embracing judicial or legislative functions," it retains immunity. *Id.* Thus, immunity is preserved for negligent discretionary formulation of policy. *Alvarado*, 897 S.W.2d at 754. On the other hand, the State is liable for torts committed by its employees when performing proprietary functions. *Smith*, 687 S.W.2d at 302. This is also known as policy implementation. *See State v. Terrell*, 588 S.W.2d 784, 788 (Tex.1979). Generally, ministerial acts which could be performed by a private subcontractor have been held to be proprietary functions. *Smith*, 687 S.W.2d at 303. Thus, maintenance activities undertaken at the operational level are not discretionary functions and are not immune from liability. *City of Fort Worth v. Gay*, 977 S.W.2d 814, 817 (Tex. App.-Fort Worth 1998, no pet.).

In her petition, Flynn alleged that SFA negligently caused the water's path to cross the trail and activated the sprinkler at a time of day when people were likely to

use the trail. As explained above, these allegations refer to a premise defect. We do not read Flynn's petition as alleging that SFA's policy decision to water the grounds on its campus was negligence. However, we agree with the trial court's determination that the decision of whether to water the grounds is a policy decision and, therefore, SFA retains its immunity for that decision. *Alvarado,* 897 S.W.2d at 754. Further, the specifics of how and when to water the campus, the details that constitute the crux of Flynn's complaint, cannot be described as "judicial or legislative functions." Therefore, we also agree with the trial court's determination that "the placement and operation of the sprinkler system constitutes policy implementation." The acts of installing and operating the sprinkler system, which includes a determination of what area the sprinklers will cover, what direction they will spray, and when to turn them on, constitute maintenance activities undertaken at the operational level which fall into the category of policy implementation. Thus, Flynn has alleged that the dangerous condition on the premises came about through a negligently implemented policy. SFA can be held liable for its negligent implementation of policy at the operational level. *Id.* As Flynn has presented complaints that are not of a discretionary nature, we overrule SFA's second issue.

### CONCLUSION

Because SFA waived immunity, the trial court did not err in denying its plea to the jurisdiction. We ***affirm*** the trial court's order denying SFA's plea to the jurisdiction and motion to dismiss.