

## NUMBER 13-13-00153-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

THE UNIVERSITY OF TEXAS-
PAN AMERICAN,                                                        Appellant,

v.

ORISSA K. GONZALEZ,                                                  Appellee.

### On appeal from the County Court at Law No. 8
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

Appellee, Orissa K. Gonzalez, filed suit against The University of Texas-Pan

American (UTPA) for injuries she sustained while taking a kinesiology class. UTPA filed

a plea to the jurisdiction and motion to dismiss. The trial court denied UTPA's motions.[1]

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(8) (West Supp. 2011) (permitting interlocutory appeal of an order granting or denying a plea to the jurisdiction by a governmental unit).

By two issues, UTPA contends that the trial court erred in denying its motions because Gonzalez: (1) failed to show that UTPA waived its sovereign immunity; and (2) executed a release of liability holding UTPA harmless for any injuries sustained in the class. We reverse and render judgment dismissing appellee's claims for lack of subject matter jurisdiction.

## I. BACKGROUND[2]

In January 2009, Gonzalez, a kinesiology major, enrolled in an upper-division "Theory of Wrestling" class at UTPA. At the beginning of the class, all of the students, including Gonzalez, signed a "Release, Waiver, and Indemnity Agreement," which provided that UTPA was released from liability for any injuries sustained by a student as a result of participation in the class.

On March 25, 2009, after approximately two months of class, the professor instructed the students to "pair up" with a partner to practice a wrestling technique. Gonzalez was paired up with another female student who arrived late to the class and missed the professor's warning that the technique could be dangerous. Gonzalez tried the technique on her partner without incident. However, when her partner grabbed Gonzalez's left leg and twisted it, Gonzalez's back "just popped" and she felt "intense pain" in her leg. At the time of the injury, the professor was observing other students. Gonzalez was taken to the hospital. She was eventually told that she had torn ligaments in her knee which would require surgery. In her deposition testimony, Gonzalez stated that when she enrolled in the class, she did not know it would involve

---

[2] Gonzalez, pro se, did not file a brief to assist us in the disposition of this appeal. The background facts are drawn from UTPA's brief, Gonzalez's petition and deposition testimony, and other documents in the record.

physical contact. When instructed to participate in demonstrating the technique, she told the professor she did not want to, but he said that participation was a main component of her grade in the class.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). The plea challenges the trial court's jurisdiction over the subject matter of a pleaded cause of action. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *Tex. Parks & Wildlife Dep't v. Morris*, 129 S.W.3d 804, 807 (Tex. App.—Corpus Christi 2004, no pet.). Subject matter jurisdiction is a question of law; therefore, an appellate court reviews de novo a trial court's ruling on a plea to the jurisdiction. *Miranda*, 133 S.W.3d at 226; *Morris*, 129 S.W.3d at 807.

Because immunity from suit defeats a trial court's subject-matter jurisdiction, it may be properly asserted in a jurisdictional plea. *Miranda*, 133 S.W.3d at 225–26. In a suit against a governmental unit, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003). We assume the truth of the jurisdictional facts alleged in the pleadings unless the defendant presents evidence to negate their existence. *Miranda*, 133 S.W.3d at 226–27. If a plea to the jurisdiction challenges the jurisdictional facts, we consider relevant evidence submitted by the parties to resolve the jurisdictional issues raised. *City of Waco v. Kirwan*, 298 S.W.3d 618, 622 (Tex. 2008) (citing *Miranda*, 133 S.W.3d at 227); *see Bland Indep. Sch. Dist.*, 34 S.W.3d at

3

555. If that evidence creates a fact issue as to jurisdiction, then it is for the fact-finder to decide. *City of Waco*, 298 S.W.3d at 622; *Miranda*, 133 S.W.3d at 227–28. "However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. After the defendant "asserts and supports with evidence that the trial court lacks subject matter jurisdiction, we simply require the plaintiffs, when the facts underlying the merits and subject matter jurisdiction are intertwined, to show that there is a disputed material fact regarding the jurisdictional issue." *Id*. This standard "generally mirrors" that of a traditional motion for summary judgment. *Id*. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the non-movant. *Id*.; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We do not "weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry." *Brown*, 80 S.W.3d at 555.

The Texas Supreme Court has long recognized that sovereign immunity, unless waived, protects the State of Texas, its agencies, and its officials from lawsuits for damages, absent legislative consent to sue the State. *Miranda*, 133 S.W.3d at 224. "The Texas Tort Claims Act [TTCA] provides a limited waiver of sovereign immunity." *Id.* (citations omitted). "Sovereign immunity includes two distinct principles, immunity from suit and immunity from liability." *Id.* "Immunity from liability is an affirmative defense, while immunity from suit deprives a court of subject matter jurisdiction." *Id.*

4

Sovereign immunity protects public universities. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003).

Sections 101.021 and 101.022 of the TTCA waive immunity in only three scenarios: (1) negligent operation or use of a motor-driven vehicle or equipment by a state employee; (2) negligent use of tangible personal property by a state employee, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (West 2011); and (3) premises defects, *see id.* § 101.022.

## III. DISCUSSION

### A. Premises Defect Claim

Appellee has not alleged either: (1) that a motor vehicle or motor-driven equipment caused her injury; or (2) that tangible personal property was used by a UTPA employee. She has, however, alleged a claim for premises liability. Specifically, appellee alleged that: (1) she was an invitee; (2) UTPA was the possessor of the premises; (3) a condition on the premises posed an unreasonable risk of harm; (4) UTPA knew or reasonably should have known of the danger; (5) UTPA breached its duty of ordinary care by failing to adequately warn her of the condition and by failing to make the condition reasonably safe; and (6) UTPA's breach proximately caused her injuries.

A governmental unit does not waive sovereign liability for a premises defect unless it is shown that a premises defect existed. *Brown*, 80 S.W.3d at 554. The term "premises" has been defined as a building or part thereof with its grounds and appurtenances. *Stephen F. Austin State Univ. v. Flynn*, 202 S.W.3d 167, 173 (Tex. App.—Tyler 2004), *rev'd on other grounds*, 228 S.W.3d 653 (Tex. 2007). "Defect" has

5

been defined as a shortcoming, an imperfection, or the want of something necessary for completeness." *Id.* Here, appellee was required to show that (1) UTPA knew or should have known (2) of a dangerous condition on the premises (3) that presented an unreasonable risk of harm and (4) that the condition proximately caused her injuries. *See Brinson Ford, Inc. v. Alger*, 228 S.W.3d 161, 162 (Tex. 2007); *see also Craig. v. Beeville Family Practice, LLP,* No. 13-10-405-CV, 2012 WL 1656492, at *3 (Tex. App.—Corpus Christi May 10, 2012, no pet.) (mem. op.).

In her deposition testimony, appellee testified that her injuries were caused by her partner—another student—grabbing her leg and turning it:

| Q [UTPA's counsel]: | And you felt the pain and then crumpled to the ground? |
|---|---|
| A [appellee]: | Yes, sir. |
| Q: | All right. So the ground didn't hurt you, correct? |
| A: | No. |
| Q: | And nothing—nothing in the actual room hurt you? |
| A: | No. |
| Q: | It was just the girl and the technique she was using? |
| A: | Yes. |
| Q: | All right. Do you remember the name of the student who did the technique on you? |
| A: | It was—I don't recall her name. |
| Q: | All right. But you know she was another student— |
| A: | Yes. |

6

Q:                —at UTPA?

A:                (Moving head up and down)

Q:                And she was in the class?

A:                Yes.

Q:                All right. And [the professor] was not standing over you when this happened?

A:                No.

In her response to UTPA's plea to the jurisdiction, appellee asserted that "[t]he premises were designed for gymnastic[s] not wrestling[,] creating a shortcoming, an imperfection and want of something necessary for completeness." Appellee asserted that although she did not feel comfortable participating in the activity, the professor told her it was mandatory and her grade would be affected. According to appellee, UTPA had "knowledge of the dangerous condition" and "created the dangerous condition."

We conclude that appellee's deposition testimony established that her injuries were caused by another student, not by a premises defect. She therefore failed to show that there is a disputed material fact regarding the jurisdictional issue, *see Miranda*, 133 S.W.3d at 228, and the trial court erred in denying UTPA's plea to the jurisdiction as to appellee's premises defect claim.

### B. Negligence Claim

A plaintiff alleging that her injuries were caused by a governmental entity's negligence must plead and show: (1) that the injury was caused by a "use of tangible personal property and (2) that a paid employee of the governmental unit was the "user"

7

of the tangible personal property.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2); *San Antonio State Hosp. v. Cowan*, 128 S.W.3d 244, 245–46 (Tex. 2004).

Here, as to her negligence claim, appellee's petition alleged only that UTPA owed her a duty, breached its duty, and caused her injuries.  As shown above, appellee's deposition testimony established that her injuries were caused by another student, not by the use of any tangible personal property by a UTPA employee.  We conclude that appellee failed to show that there is a disputed material fact regarding the jurisdictional issue as to her negligence claim, and the trial court erred in denying UTPA's plea to the jurisidiction as to that claim.  *See Miranda*, 133 S.W.3d at 228.

## IV. CONCLUSION

Having found that sovereign immunity has not been waived, we need not address UTPA's contention that appellee's execution of the release mandated dismissal of her claims.  *See* TEX. R. APP. P. 47.1.  We reverse the trial court's order denying UTPA's plea to the jurisdiction.  We render judgment dismissing appellee's claims for lack of subject matter jurisdiction.

_____
DORI CONTRERAS GARZA,
Justice

Delivered and filed the
15th day of August, 2013.